IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2012 FEB 13 AM 11:53
CLERK
SO. DIST. OF GA.

THOMAS HALSEY, JR.,

    Plaintiff,

vs.

Lt. D. ACKER; HARLEY G. LAPPIN;
ANTHONY HAYNES; and R. MEYER,

    Defendants.

CIVIL ACTION NO.: CV212-031

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Thomas Halsey, Jr. ("Plaintiff"), an inmate currently incarcerated at Central State Prison in Macon, Georgia, filed an action under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging constitutional violations while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). A prisoner proceeding in a civil action pursuant to Bivens must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008).

Plaintiff alleges that he has been denied showers, clean clothes, and meals. However, Plaintiff does not state who is responsible for the alleged deprivations. As a result, Plaintiff has not shown that he is entitled to relief against anyone as to these claims. Plaintiff asserts that R. Meyer, Associate Warden at FCI Jesup, allows white inmates privileges that black inmates do not receive. However, Plaintiff does not provide any factual allegations to support this assertion. Consequently, Plaintiff has not shown that he is entitled to relief against R. Meyer for the alleged discrimination.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims regarding the alleged denial of showers, clean clothes, and meals be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claim against Defendant Meyer for alleged violation of equal protection be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE