THOMAS HALSEY, JR.,

    Plaintiff,

vs.

Lt. D. ACKER; HARLEY G. LAPPIN;
ANTHONY HAYNES; and R. MEYER,

    Defendants.

CIVIL ACTION NO.: CV212-031

## ORDER

Plaintiff Thomas Halsey, Jr. ("Plaintiff"), an inmate currently incarcerated at Central State Prison in Macon, Georgia, filed an action under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) alleging constitutional violations while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). A prisoner proceeding in a civil action pursuant to Bivens must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008).

Plaintiff alleges that Lieutenant D. Acker ("Acker") placed handcuffs on Plaintiff's wrist in a manner and for a length of time that caused numbness in his left hand and swelling, bruises, and scars on his wrists. Plaintiff also alleges that Acker twisted his arm when applying the handcuffs to Plaintiff's wrists. Finally, Plaintiff alleges that Acker sprayed him with pepper spray, presumably during the same incident. The Eighth

2

AO 72A
Rev. 8/82)

Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). Plaintiff's allegations, when read in a light most favorable to Plaintiff, arguably state colorable claims for relief under Bivens and 28 U.S.C. § 1915A against Defendant Acker for the use of excessive force.

Plaintiff alleges that he informed Harley G. Lappin ("Lappin"), an employee of the Bureau of Prisons; Anthony Haynes ("Haynes"), Warden at FCI Jesup; and R. Meyer ("Meyer"), Associate Warden at FCI Jesup, of the alleged excessive force that has been used against him. Plaintiff also alleges that Haynes and Meyer have been informed by Plaintiff and other prisoners of ongoing constitutional violations at FCI Jesup. Plaintiff states that Lappin, Haynes, and Meyer have taken no action. Ordinarily, supervisors are not liable for the unconstitutional acts of their subordinates in a Bivens action. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). However,

> [s]upervisory liability lies where the defendant personally participates in the unconstitutional conduct or there is a causal connection between such conduct and the defendant's actions. There are three ways to establish such a causal connection: "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

AO 72A
(Rev. 8/82)

Harper v. Lawrence County, Ala., 592 F.3d 1227, 1236 (11th Cir. 2010) (quoting Cottone v. Jenne, 326 F. 3d 1352, 1360 (11th Cir. 2003)). Plaintiff's allegations, when read in a light most favorable to Plaintiff, arguably state colorable claims for relief under Bivens and 28 U.S.C. § 1915A against Defendants Lappin, Haynes, and Meyer.

A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Acker, Lappin, Haynes, and Meyer, the Attorney General of the United States, and the United States Attorney for the Southern District of Georgia by the United States Marshal without prepayment of cost. Pursuant to FED. R. CIV. P. 4(i), the United States Attorney for the Southern District of Georgia may be personally served or served by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney. Pursuant to that same rule, service may be perfected on the United States Attorney General by registered or certified mail. The answers of the Defendants shall be filed within sixty (60) days of receipt of such service. FED. R. CIV. P. 12(a)(3)(B).

If any Defendant files a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

Plaintiff's remaining claims are addressed in a Report and Recommendation of even date.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and

4

request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

AO 72A
(Rev. 8/82)

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number[.]" FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be

directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a

AO 72A
(Rev. 8/82)

Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true

8

and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 13th day of February, 2012.

JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)