IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

THOMAS HALSEY, JR.,

    Plaintiff,

vs.

Lt. D. ACKER; HARLEY G. LAPPIN;
ANTHONY HAYNES; and R. MEYER,

    Defendants.

CIVIL ACTION NO.: CV212-031

## ORDER

Plaintiff Thomas Halsey, Jr. ("Plaintiff") filed Objections to the Magistrate Judge's Report dated February 13, 2012, which recommended dismissal of certain claims set forth in Plaintiff's Complaint, brought pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge determined that "Plaintiff alleges that he has been denied showers, clean clothes, and meals. However, Plaintiff does not state who is responsible for the alleged deprivations. As a result, Plaintiff has not shown that he is entitled to relief against anyone as to these claims." (Doc. No. 14, p. 2). In his Objections, Plaintiff states, "I did not say at no time that I was denied showers, clean clothes, and meals."

AO 72A
(Rev. 8/82)

(Doc. No. 18, p. 1). However, Plaintiff's Complaint clearly states, "I have been denied showers, clean clothes, Meals etc." (Doc. No. 1, p. 6). Seemingly, Plaintiff wishes to abandon these claims. Even if Plaintiff does not wish to abandon these claims, he may not proceed with them. Plaintiff has not alleged who is responsible for the alleged deprivation of showers, clean clothes, and meals. Therefore, he has not shown that he is entitled to relief against anyone as to these claims. See FED. R. CIV. P. 8(a)(2).

The Magistrate Judge also stated that "Plaintiff asserts that R. Meyer, Associate Warden at FCI Jesup, allows white inmates privileges that black inmates do not receive. However, Plaintiff does not provide any factual allegations to support this assertion. Consequently, Plaintiff has not shown that he is entitled to relief against R. Meyer for the alleged discrimination." (Doc. No. 14, p. 2). In his Objections, Plaintiff states, "I object to your relieving [ ] R. Meyers [sic] of the acts of which he is accountable." (Doc. No. 18, p. 1). Plaintiff has not provided any factual allegations in support of his assertion that Defendant Meyer allows white inmates privileges that black inmates do not receive. As a result, Plaintiff has not set forth "a short and plain statement of the claim showing that [he] is entitled to relief" against Defendant Meyer for racial discrimination. FED. R. CIV. P. 8(a)(2).

Finally, in his Objections, Plaintiff re-states his claims for the use of excessive force against Defendant D. Acker and for supervisory liability against Defendant Meyer. These claims have been served upon the named defendants and need not be addressed at this time.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate

AO 72A
(Rev. 8/82)

2

Judge is adopted as the Opinion of the Court. Plaintiff's claims regarding the alleged denial of showers, clean clothes, and meals are **DISMISSED**. Plaintiff's claim against Defendant Meyer for alleged racial discrimination is **DISMISSED**.

**SO ORDERED**, this 5 day of March, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)