IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

THOMAS HALSEY, JR.,

    Plaintiff,

vs.

Lt. D. ACKER; HARLEY G. LAPPIN;
ANTHONY HAYNES; and R. MEYER,

    Defendants.

CIVIL ACTION NO.: CV212-031

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Thomas Halsey, Jr., ("Plaintiff"), an inmate currently incarcerated at Smith State Prison in Glennville, Georgia, filed an action under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his previous confinement at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Defendants filed a Motion to Dismiss. Plaintiff filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Lieutenant D. Acker ("Acker") placed handcuffs on his wrist in a manner and for a length of time that caused numbness in his left hand and swelling, bruises, and scars on his wrists. Plaintiff also alleges that Acker twisted his arm when applying the handcuffs to Plaintiff's wrists. Finally, Plaintiff alleges that Acker sprayed

AO 72A
(Rev. 8/82)

him with pepper spray, presumably during the same incident. Plaintiff alleges that he informed Harley G. Lappin ("Lappin"), an employee of the Bureau of Prisons; Anthony Haynes ("Haynes"), Warden at FCI Jesup; and R. Meyer ("Meyer"), Associate Warden at FCI Jesup, of the alleged excessive force that had been used against him. Plaintiff also alleges that Haynes and Meyer have been informed by Plaintiff and other prisoners of ongoing constitutional violations at FCI Jesup. Plaintiff states that Lappin, Haynes, and Meyer have taken no action. Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust the administrative remedies available to him.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008).[1] "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies. Id.

---

[1] "A Bivens action is analogous to complaints brought against state actors under 42 U.S.C. § 1983, and courts generally apply § 1983 law in Bivens actions." Salazar v. U.S. Attorney Gen., 2012 WL 1570855 *2 (11th Cir. May 7, 2012) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995)).

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust administrative remedies, a prisoner must "properly take each step within the administrative process." Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005) (citation omitted). An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. (citation omitted).

In Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. The court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. at 1082. If under the plaintiff's version of the facts the plaintiff has not exhausted his administrative remedies, the court must dismiss the plaintiff's complaint. Id. If the complaint is not subject to dismissal based on the plaintiff's version of the facts, then the court proceeds to resolve the disputed factual issues related to exhaustion. Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

Inmates at FCI Jesup must exhaust the Bureau of Prisons ("BOP") administrative remedies, as required by the Code of Federal Regulations, beginning the grievance process locally by presenting their complaint for informal resolution. 28 C.F.R. §

542.13. If informal resolution is unsuccessful, the inmate may seek formal review locally by filing a written administrative remedy request with the Warden at FCI Jesup. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15. If the inmate is not satisfied with the Regional Director's response, the inmate may make a final appeal to the Office of the General Counsel. 28 C.F.R. § 542.15. If at any time a request or appeal is rejected, the inmate should be provided notice of such and, when the defect is correctable, be given a reasonable time within which to correct the defect and resubmit the request or appeal. 28 C.F.R. § 542.17. In accordance with these regulations, BOP Program Statement P1330.16 requires an inmate to file a request for administrative remedy at the institutional level (the prison) and to appeal any resolution with which the inmate is dissatisfied to the Regional Director and then to the Office of the General Counsel.

Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust the administrative remedies available to him. Specifically, Defendants assert that Plaintiff did not properly appeal to the Office of the General Counsel. A review of Plaintiff's administrative remedy history, (Doc. No. 34-2, pp. 5–22), along with the relevant administrative remedy requests attached to Plaintiff's Complaint, (Doc. No. 1, pp. 8–14), shows that Plaintiff filed Administrative Remedy 617904 with regard to the allegations in his Complaint. At the institutional level, Administrative Remedy Number 617904-F1, and at the regional appeal level, Administrative Remedy Number 617904-R1, Plaintiff's grievance was accepted and a response was provided to Plaintiff. (Doc. No. 34-2, pp. 17, 19; Doc. No. 1, pp. 9, 12).

4

Plaintiff attempted to appeal the Regional Director's response to the Office of the General Counsel, but his appeal, Administrative Remedy Number 617904-A1, was rejected. (Doc. No. 34-2, p. 21; Doc. No. 1, p. 14). That rejection notice informed Plaintiff that he could resubmit his appeal in proper form within fifteen days of the date of the rejection notice. (Doc. No. 1, p. 14). There is no indication that Plaintiff ever resubmitted his appeal to the Office of the General Counsel. Because Plaintiff never properly appealed to the Office of the General Counsel, Plaintiff did not complete the administrative remedy process.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 24th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE